IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE ANTRIKIN, a/k/a<br>CATHY ANTRIKIN,<br><br>Defendant. | ) | Case No. CIV-08-643-L |

**O R D E R**

Plaintiff United States of America filed this action on behalf of the Oklahoma City VA Medical Center ("OKC VAMC") seeking to recover money paid for the defendant Catherine Antrikin, a/k/a Cathy Antrikin's tuition and expenses of nursing school. This matter is before the court on Plaintiff's Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56. The court file reflects that plaintiff has not responded to the Motion for Summary Judgment, even though an extension of time was sought and granted. The court has carefully reviewed the briefs and exhibits submitted by plaintiff in support of summary judgment. Based upon this review, the court determines that plaintiff is entitled to summary judgment as a matter of law.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment. Celotex, 477 U.S. at 324. Such evidence includes reference to affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992). The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).

Although the district court has the discretion to go beyond the referenced portions of the supporting material, it is not required to do so. Id.

In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. Bryant v. O'Connor, 848 F.2d 1064, 1067 (10th Cir. 1988). The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party. Allegations alone will not defeat summary judgment. Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir. 1994).

In support of its Motion for Summary Judgment, plaintiff has provided the following statement of undisputed material facts (citations to the record are omitted):

1. Defendant began working at the OKC VAMC on June 1, 2003 as a full-time staff nurse.

2. Defendant applied for National Nursing Education Incentive ("NNEI") education assistance on or about June 24, 2004.

3. Defendant was unconditionally accepted into the Baccalaureate Nursing program at Southern Nazarene University on June 24, 2004.

4. The NNEI selection committee reviewed and approved her request on June 29, 2004.

5. Defendant signed a NNEI Contract on August 12, 2004. The period of obligated service under the NNEI contract was three years after the completion of defendant's nursing education.

6. Defendant's service obligation started on August 15, 2006 and was set to end on August 15, 2009.

7. During the course of defendant's employment at the OKC VAMC she was counseled and admonished numerous times regarding her Absent Without Leaves ("AWOLs").

8. On July 31, 2006, defendant received a written counseling from Melanie Knight, RN, Nurse Manager, regarding her AWOLs.

9. On October 23, 2006, defendant received an admonishment from Gwen Dailey, RN, ACNS, Nursing Service, for being AWOL on October 6, 2006 and October 10, 2006.

10. On October 31, 2006, Gwen Dailey forwarded a Memorandum to Nikki Craven, Former Chief of Human Resources, regarding disciplinary action for the defendant.

11. On November 17, 2006, defendant received an admonishment from Ms. Dailey regarding her AWOL.

12. On January 24, 2007, Gwen Dailey forwarded a Memorandum to Nikki Craven regarding a proposal for a reprimand for the defendant stating defendant had received an admonishment in November 2006 regarding being AWOL;

however, defendant was again AWOL on December 7, 2006, December 8, 2006, December 21, 2006, and January 18, 2007.

13. On February 23, 2007, Gwen Dailey sent a third memorandum to Nikki Craven, this time requesting a suspension be given to the defendant for being AWOL on December 7, 2006, December 8, 2006, December 21, 2006, January 18, 2007, January 25, 2007, January 26, 2007 and February 3, 2007 through February 23, 2007. Additionally Ms. Dailey advised that she was notified by defendant on February 22, 2007 that defendant would not be returning to work until March 5, 2007. Ms. Dailey advised that defendant did not indicate why defendant was off, just that defendant was sick and unable to work.

14. Pursuant to OKC VAMC Memorandum 05-12, Family and Medical Leave, defendant was required to specify the leave was being requested under the Family Medical Leave Act ("FMLA") and must be accompanied by a medical certification.

15. Defendant received a proposed removal from Rosell Knight, Associate Director, Patient Care Services, (signed by Janey Woolley, Associate Chief, Nursing Service) on March 30, 2007.

16. The defendant and David Wood, Director of the OKC VAMC, had an Oral Reply meeting on April 16, 2007. During the April 16, 2007 meeting, defendant advised Mr. Wood that she was ready to return to duty. As such, Mr. Wood and defendant reached a mutual agreement regarding a Last Chance

Agreement. However, before the Last Chance Agreement could be signed, defendant called Gwen Dailey and advised Ms. Dailey that she was not able to report to work for at least one month. Therefore Mr. Wood made the decision to remove the defendant from her position effective April 29, 2007. In a letter dated April 19, 2007 from David Wood, Director of the OKC VAMC, the defendant was removed from her position as a Staff Nurse at the OKC VAMC.

17. In the removal letter the defendant was inappropriately given appeal rights in accordance with 5 U.S.C. § 7121.

18. However, since defendant was not a Title 5 employee, Mr. Wood forwarded the defendant a second letter on March 20, 2008. In the March 20, 2008 letter, defendant was given the correct appeal rights under Title 38.

19. The March 20, 2008 letter advised the defendant she had 30 (thirty) days to file a grievance regarding her removal. Defendant did not file a grievance in April, 2007, March, 2008, April, 2008, or at any other time regarding her removal.

20. Defendant did not file an internal grievance regarding her alleged denied rights under the FMLA.

21. Defendant did not file a complaint with the EEOC regarding her alleged denied rights under the FMLA.

22. Defendant owes the plaintiff the amount of $43,025.83, ($39,187.92 principal plus accrued interest of $1,715.58 as of June 18, 2008, accruing interest

at 5.00% per annum until the date of judgment and administrative charges of $2,122.33).

Based upon the above facts, the plaintiff argues that defendant has defaulted under the terms of her contract with the OKC VAMC and the OKC VAMC should be reimbursed. Plaintiff also argues that defendant has failed to exhaust her administrative remedies. Plaintiff argues that the court lacks subject matter jurisdiction over defendant's counterclaim because the government has not waived sovereign immunity. As stated, the plaintiff seeks judgment in the amount of $43,025.83 on its complaint and also seeks the dismissal of defendant's counterclaim.

As previously noted, the court file reflects that defendant has not responded to the Motion for Summary Judgment within the time limits prescribed by the Local Rules. According to Local Rule 7.1(e), any motion which is not opposed within eighteen (18) days may, in the discretion of the court, be deemed confessed. Therefore, the court may deem the dispositive motion confessed due to defendant's failure to properly respond to the fully supported motion. In addition, the court has reviewed the facts and exhibits submitted by plaintiff in support of its motion. Upon this review, and upon consideration of the legal authorities presented, the court determines that plaintiff is entitled to summary judgment as a matter of law.

In summary, Plaintiff's Motion for Summary Judgment **[Doc. No. 12]** should be and is hereby **GRANTED** in its entirety. Accordingly, plaintiff United States of America is entitled to judgment on its complaint in the amount of $43,025.83, ($39,187.92 principal plus accrued interest of $1,715.58 as of June 18, 2008, accruing interest at 5.00% per annum until the date of judgment and administrative charges of $2,122.33). Defendant's counterclaim is **dismissed**. Judgment will issue on a separate document in accordance with the Federal Rules of Civil Procedure.

It is so ordered this 19th day of February, 2009.

Tim Leonard

TIM LEONARD
United States District Judge