IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-643-L |
| | ) | |
| CATHERINE ANTRIKIN, a/k/a | ) | |
| CATHY ANTRIKIN, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Plaintiff United States of America filed this action on behalf of the Oklahoma City VA Medical Center ("OKC VAMC") seeking to recover money it paid for the tuition and expenses of nursing school of the defendant Catherine Antrikin, a/k/a Cathy Antrikin.  According to plaintiff, defendant defaulted under the terms of her contract with the government and now owes the plaintiff $43,025.83.  The complaint alleges jurisdiction under 28 U.S.C. § 1345, which provides generally that district courts have original jurisdiction of all civil actions commenced by the United States.

Defendant filed a counterclaim alleging wrongful termination in connection with the denial of rights under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*  Defendant argues that her wrongful termination is a defense to the plaintiff's contract claim.

This matter is before the court on Plaintiff's Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56.[1]  The court has carefully reviewed the briefs and exhibits submitted by both parties at the summary judgment stage.  Based upon this review, the court concludes that defendant's response is legally and factually insufficient to overcome summary judgment.  Further, defendant's counterclaim must be dismissed on the basis of sovereign immunity and failure to exhaust administrative remedies.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law."  Fed. R. Civ. P. 56(c); accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir. 1991).  If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891

---

[1]     The court's February 19, 2009 Order and Judgment granting summary judgment to the government, due in part to defendant's failure to file a response, was later vacated upon defendant's motion.  Defendant was allowed to file her response to plaintiff's dispositive motion so that the motion could be resolved on the merits.  See Doc. No. 24.

(10th Cir. 1991).  To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings.  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Applied Genetics Int'l. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment.  Celotex, 477 U.S. at 324.  Such evidence includes reference to affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992).  The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). Although the district court has the discretion to go beyond the referenced portions of the supporting material, it is not required to do so.  Id.

In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.  Bryant v. O'Connor, 848 F.2d 1064, 1067 (10th Cir. 1988).  The mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party.  Allegations alone will not defeat summary judgment.  Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir. 1994).

In support of its Motion for Summary Judgment, plaintiff has provided its statement of undisputed material facts (citations to the record are omitted), set forth below.  It should be noted that defendant does not dispute the facts in paragraphs 1 through 21.

1.  Defendant began working at the OKC VAMC on June 1, 2003 as a full-time staff nurse.

2.  Defendant applied for National Nursing Education Incentive ("NNEI") education assistance on or about June 24, 2004.

3.  Defendant was unconditionally accepted into the Baccalaureate Nursing program at Southern Nazarene University on June 24, 2004.

4.  The NNEI selection committee reviewed and approved her request on June 29, 2004.

5.  Defendant signed a NNEI Contract on August 12, 2004.  The period of obligated service under the NNEI contract was three years after the completion of defendant's nursing education.

6.  Defendant's service obligation started on August 15, 2006 and was set to end on August 15, 2009.

7.  During the course of defendant's employment at the OKC VAMC she was counseled and admonished numerous times regarding her Absent Without Leaves ("AWOLs").

8.  On July 31, 2006, defendant received a written counseling from Melanie Knight, RN, Nurse Manager, regarding her AWOLs.

9.  On October 23, 2006, defendant received an admonishment from Gwen Dailey, RN, ACNS, Nursing Service, for being AWOL on October 6, 2006 and October 10, 2006.

10.  On October 31, 2006, Gwen Dailey forwarded a Memorandum to Nikki Craven, Former Chief of Human Resources, regarding disciplinary action for the defendant.

11.  On November 17, 2006, defendant received an admonishment from Ms. Dailey regarding her AWOL.

12.  On January 24, 2007, Gwen Dailey forwarded a Memorandum to Nikki Craven regarding a proposal for a reprimand for the defendant stating defendant had received an admonishment in November 2006 regarding being AWOL; however, defendant was again AWOL on December 7, 2006, December 8, 2006, December 21, 2006, and January 18, 2007.

13.  On February 23, 2007, Gwen Dailey sent a third memorandum to Nikki Craven, this time requesting a suspension be given to the defendant for being AWOL on December 7, 2006, December 8, 2006, December 21, 2006, January 18, 2007, January 25, 2007, January 26, 2007 and February 3, 2007 through February 23, 2007.  Additionally Ms. Dailey advised that she was notified by defendant on February 22, 2007 that defendant would not be returning to work

until March 5, 2007.  Ms. Dailey advised that defendant did not indicate why defendant was off, just that defendant was sick and unable to work.

14.  Pursuant to OKC VAMC Memorandum 05-12, Family and Medical Leave, defendant was required to specify the leave was being requested under the Family Medical Leave Act ("FMLA") and must be accompanied by a medical certification.

15.  Defendant received a proposed removal from Rosell Knight, Associate Director, Patient Care Services, (signed by Janey Woolley, Associate Chief, Nursing Service) on March 30, 2007.

16.  The defendant and David Wood, Director of the OKC VAMC, had an Oral Reply meeting on April 16, 2007.  During the April 16, 2007 meeting, defendant advised Mr. Wood that she was ready to return to duty.  As such, Mr. Wood and defendant reached a mutual agreement regarding a Last Chance Agreement.  However, before the Last Chance Agreement could be signed, defendant called Gwen Dailey and advised Ms. Dailey that she was not able to report to work for at least one month.  Therefore Mr. Wood made the decision to remove the defendant from her position effective April 29, 2007.  In a letter dated April 19, 2007 from David Wood, Director of the OKC VAMC, the defendant was removed from her position as a Staff Nurse at the OKC VAMC.

17.  In the removal letter the defendant was inappropriately given appeal rights in accordance with 5 U.S.C. § 7121.

18.  However, since defendant was not a Title 5 employee, Mr. Wood forwarded the defendant a second letter on March 20, 2008.  In the March 20, 2008 letter, defendant was given the correct appeal rights under Title 38.

19.  The March 20, 2008 letter advised the defendant she had 30 (thirty) days to file a grievance regarding her removal.  Defendant did not file a grievance in April, 2007, March, 2008, April, 2008, or at any other time regarding her removal.

20.  Defendant did not file an internal grievance regarding her alleged denied rights under the FMLA.

21.  Defendant did not file a complaint with the EEOC regarding her alleged denied rights under the FMLA.

22.  Defendant owes the plaintiff the amount of $43,025.83, ($39,187.92 principal plus accrued interest of $1,715.58 as of June 18, 2008, accruing interest at 5.00% per annum until the date of judgment and administrative charges of $2,122.33).

Based upon the above facts, the plaintiff argues that defendant has undisputedly defaulted under the terms of her contract with the OKC VAMC and the OKC VAMC should be reimbursed pursuant to the terms of the contract.  The government asserts that defendant's counterclaim and affirmative defenses fail as a matter of law. In this connection, plaintiff argues that sovereign immunity

bars defendant's FMLA claims and that defendant has failed to exhaust her administrative remedies related to the alleged denial of FMLA rights.

Relying on Martinez v. Snow, 2006 WL 3654618, at *4 (E.D. Calif. Dec. 12, 2006), and pointing to several cases in which courts have found no private right of action under the FMLA for federal civil service employees with more than twelve months of service (so-called "Title II" employees), plaintiff argues that there has been no waiver of the government's sovereign immunity for violations of the FMLA for employees such as defendant. See Berry v. Federal Aviation Administration, 2006 WL 446080, at * 2 (D. Colo. Feb. 21, 2006) (courts have properly foreclosed Title II federal employees from bringing private suits under FMLA against federal government). Courts have also dismissed FMLA claims brought by Title II employees because, under the Civil Service Reform Act ("CSRA"), the employee may pursue FMLA claims through a statutory procedure or to seek relief through available union grievance procedures, but not both. Martinez, 2006 WL 3654618, at *4. Here, as noted by the government and not disputed by defendant, defendant chose not to pursue either designated avenue of relief available to her, thus failing to exhaust her administrative remedies.

As set forth above, defendant's response indicates that she "agrees" with paragraphs 1 through 21 of the plaintiff's statement of undisputed facts,[2] thus,

---

[2]   Significantly, defendant's response does not specifically mention plaintiff's paragraph 22, which states that defendant owes the plaintiff the amount of $43,025.83 as evidenced by a Certificate of Indebtedness executed June 19, 2008. Pursuant to LCvR56.1(c), all material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary

these facts are properly deemed admitted.  In addition to plaintiff's facts,

defendant asserts her own statement of facts, consisting of 35 paragraphs.[3]

Upon review of defendant's "statement of facts," the court notes that several of

the paragraphs contain statements that are not actually supported by the exhibit

cited and do not refer to any other admissible evidence for support.  For example,

paragraph 28 states:

> Dr. Lensgraf had ordered Defendant to be excused from work on February
> 5, 2007 to February 10, 2007 due to incapacitation from her condition.
> These doctor's notes were provided to Defendant who in turn provided
> them to her employer after her receipt of the same.  (See Exhibit 28)[.]

> The court has reviewed Exhibit 28.  It consists of the doctor's note only.

The note itself does not indicate to whom it was provided.  There is no evidentiary

support for the statement that the doctor's notes were provided to defendant who

in turn provided them to her employer.  There is no citation to any of the kinds of

evidentiary materials listed in Rule 56(c), such as affidavits, deposition

transcripts, or specific exhibits to support the statement that these materials were

provided to the plaintiff.  The same goes for paragraphs 30 and 31.  In each of

these paragraphs, the exhibit referred to is merely the doctor's letter.  These

---

judgment unless specifically controverted by the statement of material facts of the opposing party.  Thus, defendant's indebtedness could properly be deemed admitted due to defendant's failure to specifically controvert this fact.

[3]        To the extent defendant's response could be construed as a cross-motion for summary judgment, referring as it does on its own separate statement of facts, the court finds that a cross-motion for summary judgment would be untimely, since it was filed beyond the court's deadline for the filing of dispositive motions.  Doc. No. 10.

exhibits do not support the additional statements made in these paragraphs to the effect that these letters were given to defendant's employer, *i.e.*, the plaintiff. Even if the court were to accept that these letters were given to defendant's employer (and recognizing that plaintiff's undisputed statement of facts indicates that plaintiff was "notified" that defendant would not be returning to work), the court concludes that this allegation fails to specifically controvert the plaintiff statement of fact in paragraph number 14 that "[p]ursuant to OKC VAMC Memorandum 05-12, Family and Medical Leave, defendant was required to specify the leave was being requested under the Family Medical Leave Act ("FMLA") and must be accompanied by a medical certification." This fact was conceded by defendant in her response to plaintiff's motion for summary judgment.

Thus, when the court considers the submissions of the parties, the court cannot agree that defendant has established that a genuine issue over material facts exists such that a trial is necessary. As stated previously, the authorities are clear that in responding to a motion for summary judgment, a party cannot rest on ignorance of facts, speculation, or suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. Of course, mere unsupported allegations that a factual dispute exists are not sufficient to defeat summary judgment. Defendant's suggestion that a trial "is the

way to decide this case" (*see* Defendant's Response, Doc. No. 25, p. 2), is, in the absence of evidence of a genuine issue as to any material fact, unfounded.

Defendant's response to plaintiff's dispositive motion does not provide a reason for the court to delay granting summary judgment in plaintiff's favor.  In a one-page section of the brief entitled "Brief in Support and Arguments of Counsel," defendant baldly asserts that a genuine dispute of material facts exists as to plaintiff's complaint.  In its entirety, defendant's argument concerning plaintiff's contract claim provides:

> Defendant states that there exists a genuine issue of material facts concerning the main issue in the Plaintiff's cause of action: Did Defendant's termination by Plaintiff materially breach or waive the provisions of the contract Plaintiff had with Defendant.  Defendant also states that Plaintiff should not be able to recover, as a matter of law, on their cause of action in summary judgment given the facts as provided above.
> If Plaintiff states that they never received Defendant's exhibits 28 through 31, then there exists a genuine controversy of a material fact as to both causes of action in this lawsuit.

Regarding her counterclaim, defendant's brief contains two lines stating "2. *Sovereign Immunity*" and "3. *Waiver of FMLA Cause of Action*," however, no further discussion or argument is provided.  Defendant's response does not address the authorities relied on by plaintiff in its summary judgment brief, and makes no attempt to establish a legal foundation for her position regarding a defense to plaintiff's claim.  Defendant has completely failed to address the plaintiff's legal argument that defendant's FMLA counterclaim does not provide a

11

defense to the contract claim in this action since defendant does not posses the right to sue to enforce FMLA rights in federal court.  Plaintiff's legal arguments based on sovereign immunity and failure to exhaust administrative remedies have gone unchallenged.

Upon review of the submissions of the parties, and upon consideration of the legal authorities and the undisputed facts, the court determines that plaintiff is entitled to summary judgment as a matter of law.  Accordingly, Plaintiff's Motion for Summary Judgment **[Doc. No. 12]** should be and is hereby **GRANTED** in its entirety.  Plaintiff United States of America is entitled to judgment in the amount of $43,025.83, ($39,187.92 principal plus accrued interest of $1,715.58 as of June 18, 2008, accruing interest at 5.00% per annum until the date of judgment and administrative charges of $2,122.33).  Defendant's counterclaim is **dismissed**.  Judgment will issue on a separate document in accordance with the Federal Rules of Civil Procedure.

It is so ordered this 26th day of June, 2009.

_Tim Leonard_

TIM LEONARD
United States District Judge